UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KIM CURTIS and SCOTT CURTIS,

     Plaintiffs,

VS.

HILTON WORLDWIDE HOLDINGS INC.,
HILTON GARDEN INN NEW YORK/CENTRAL
PARK, HILTON GARDEN INNS
MANAGEMENT LLC, MOINIAN LLC, THE
MONIAN DEVELOPMENT GROUP LCC, 237
WEST 54TH ST. LLC, FIVE LAKES
MANUFACTURING, INC., MARSHFIELD DOOR
SYSTEMS INC., PAV-LAK CONTRACTING
INC., and KOTA DRYWALL CORP.,

     Defendants.

Index: 1:18-cv-03068(ER)


**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**


SHANNON PENNOCK
Pennock Law Firm LLC
Attorney for Plaintiffs
411 Lafayette Street, 6th Floor
New York, NY 10003
(551) 200-6352
Fax: (929) 235-7273

## <u>TABLE OF CONTENTS</u>

Preliminary Statement…………………………………………………………………...1

Factual Background…………………………………………………………………...1

Argument……………………………………………………………………………...2

     A.  The Summary Judgment Standard…………………………………………..2

     B.  Genuine Issues of Material Facts Exist……………………………………3

     C.  Defendant's Motion is Procedurally Deficient………………………………4

     D.  Defendant's Motion is Untimely……………………………………………4

     CONCLUSION………………………………………………………………………5

# TABLE OF AUTHORITIES

**Cases:**

*Am. Cas. Co v. Nordic Leasing, Inc*., 42 F. 3d 725, 728 (2nd Cir. 1994)………………………...2

*Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2nd Cir. 1994)………………………....3

*Celotex Corp. v. Catreett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed. 2d 265 (1986)..2, 4

*Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568, 572 (2nd Cir. 1993)………………2

*Gallo v. Prudential Residential Servs. Ltd. P'ship*, 22 F.3d 1219, 1224 (2nd Cir. 1994)…………2

*Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2nd Cir. 2000)……………………4

*Irving v. Philips*, No. 15-CV-6413-FPG, 2017 WL 85427 (W.D.N.Y. Jan. 10, 2017)……………4

*Nelson v. Deming*, No. 6:13-CV-06252 EAW,
        2015 WL 6452386 at *5 (W.D.N.Y. Sept. 30, 2015)……………………………………………4

*Parra v. Wright*, No. 11-CV-6270 CJS, 2013 WL 6669235 at *7 (W.D.N.Y. Dec. 2013)…………4

**Federal Rules:**

Fed. R. Civ. Proc. 56(a)……………………………………………………………………………4

Fed. R. Civ. Proc. 56(b)……………………………………………………………………………3

Fed. R. Civ. Proc. 56(c)……………………………………………………………………………1

**Individual Practices of Judge Ramos** :

2.A. ii, page 3……………………………………………………………………………………..4

Plaintiffs Kimberly ("Ms. Curtis") and Scott Curtis ("Mr. Curtis") (collectively "Plaintiffs"), by their attorneys The Pennock Law Firm, LLC, respectfully submit this Memorandum of Law in opposition to Defendant Five Lakes Manufacturing. Inc.'s ("Five Lakes") motion for summary judgment.

## PRELIMINARY STATEMENT

Five Lakes seeks summary judgment dismissing Plaintiffs' negligence claim.  The basis for Defendant's procedurally deficient motion for summary judgment is a self-serving statement by one of its employees who has not yet been deposed.  This is not sufficient to grant Defendant's motion as the motion is both procedurally improper as well as untimely in that it has been brought too early in the litigation.  Moreover, correspondence from a representative of the Hilton Defendants indicates that the door at issue was in fact manufactured by Five Lakes.  No inspection of the door at issue has taken place yet and as such, there are a genuine issues of material fact as to who actually manufactured this door and to the manner in which the door's failure caused Ms. Curtis' injuries.  Therefore, Defendant's motion must be denied.

## FACTUAL BACKGROUND

On September 4, 2015, Ms. Curtis was 48 years old and had checked into the Hilton Garden Inn New York located at 237 West 54th Street owned and operated by the Hilton Defendants along with her husband, Mr. Curtis.  Upon checking in, Plaintiffs noticed the handle to the bathroom door in their room was broken and informed the front desk of the defective handle.  The front desk assured Plaintiffs that the handle would be repaired, but upon returning to the room from dinner, Plaintiffs realized the handle had not been fixed.  Plaintiffs called the front desk and were advised that there were no other available rooms, necessitating Plaintiffs stay in that room overnight. The next morning, when Ms. Curtis attempted to use the bathroom door, it collapsed on her, causing

her serious and permanent injuries.

In an attempt to settle this matter instead of filing a lawsuit, Mr. Curtis corresponded with a  representative of the Hilton Defendants, Martin Columbia.  In an email sent to Mr. Curtis on April 13, 2017, Mr. Columbia stated in relevant part: "In addition, there are significant liability questions that remain, the main reason for my pursuit of the general contractor, subcontractor installer of the door and door manufacturer.  Door Manufacturer: Marshfield Door Systems Inc./Five Lakes Manufacturing Inc." (Attached as Exhibit 1 is the entirety of the relevant email). Plaintiffs were unable to settle this matter, necessitating the present suit.

## ARGUMENT

Because there exists a genuine issue of material fact as to who manufactured the door that injured Ms. Curtis, discovery has yet to begin in earnest, and Five Lakes' motion is procedurally deficient, the motion for summary judgment should be denied

### A.  The Summary Judgment Standard

A motion for summary judgment may be granted where the movant successfully demonstrates there are no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  *Celotex Corp. v. Catreett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed. 2d 265 (1986); Fed. R. Civ. Proc. 56(c).  When deciding a summary judgment motion, a trial court "…is carefully limited to discerning whether there are genuine issues of material fact to be tried, not deciding them. [The trial court's] duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs. Ltd. P'ship*, 22 F.3d 1219, 1224 (2nd Cir. 1994).  The district court must view all evidence in the manner most favorable to the non-movant as well as draw all reasonable inferences in favor of the non-movant.  *Am. Cas. Co v. Nordic Leasing, Inc.*, 42 F. 3d 725, 728 (2nd Cir. 1994)

(citing *Consarc Corp. v. Marine Midland Bank, N.A.,* 996 F.2d 568, 572 (2nd Cir. 1993)). "If…there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2nd Cir. 1994).

### B. Genuine Issue of Material Fact Exist

As aforementioned, Plaintiffs have reason to believe the door at issue was manufactured by the movant. Attached as Exhibit 1 is the email sent from a representative of the Hilton Defendants indicating the door was manufactured by Five Lakes.  Plaintiffs had sought to perform an inspection of the door earlier in this lawsuit, including sending a letter to former counsel for the Hilton Defendants (which went unanswered), and are now currently waiting on the Defendants to grant access to the door.  The inspection will be performed in the presence of an expert who will be able to identify the manufacturer of the door and will assess the manner in which the door caused Ms. Curtis' injuries, which will elucidate the degree to which Five Lakes may be liable in this matter.  Based on the photographs obtained at the time of the incident, it is believed, among other things, that the subject door was negligently manufactured and/or negligently or defectively designed, as was alleged in the complaint.

The brochure on Five Lakes' website, attached hereto as Exhibit 2, indicates that Five Lakes performs prefitting, beveling, lock and hinge mortise, and "hardware prep[aration]". Therefore, Five Lakes has the capacity to make modifications to doors in preparation for hardware.  This is as further evidenced by paragraph 5 of the Patricia Tischbein's affidavit, in which she admits that Five Lakes "may build doors to fit and accommodate certain hardware such as hinges and door handles."

For all the foregoing reasons, it is evident that there exists a genuine issue of material fact

necessitating the denial of Five Lake's motion.

### C. Defendant's Motion is Procedurally Deficient

Defendant's motion is procedurally improper.  Per Your Honor's Individual Rules of Practice, "A pre-motion conference with the Court is required before making any [non-discovery] motion…to arrange a pre-motion conference the moving party shall submit a letter, not to exceed three pages setting forth the basis for the anticipated motion…"  Individual Practices of Judge Edgardo Ramos 2.A. ii, page 3.  Here, counsel for the movant never submitted any letter regarding a pre-motion conference and accordingly there has been no pre-motion conference.  As such, Defendant's motion is procedurally deficient and should be denied.

### D. Defendant's Motion is Untimely

Should Your Honor find there to be no issue of material genuine fact and overlook the procedural defects of Defendant's motion, it is respectfully submitted that summary judgment is inappropriate at this stage of the litigation.  Pursuant to Fed. R. Civ. Proc. 56(a), a motion for summary judgment may be granted where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. While a party may move for summary judgment at any time prior to 30 days after the close of discovery, per Fed. R. Civ. Proc. 56(b), "[g]enerally, summary judgment is not appropriate until after some discovery has occurred." *Nelson v. Deming*, No. 6:13-CV-06252 EAW, 2015 WL 6452386 at *5 (W.D.N.Y. Sept. 30, 2015) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L. 2d 265 (1986)).  To be sure, summary judgment should be granted against a plaintiff who has not yet conducted discovery in only the rarest of cases.  *Hellstrom v. U.S. Dep't of Veterans Affairs,* 201 F.3d 94, 97 (2nd Cir. 2000).  And even in "those rare cases where summary judgment is appropriate even though no discovery has occurred, [it must be] evident from the face of the

4

complaint that discovery would be futile." *Irving v. Philips*, No. 15-CV-6413-FPG, 2017 WL 85427 (W.D.N.Y. Jan. 10, 2017) (citing *Nelson, supra*, 2015 WL 6452386 at *5, and *Parra v. Wright*, No. 11-CV-6270 CJS, 2013 WL 6669235 at *7 (W.D.N.Y. Dec. 2013)).

Crucially, discovery has yet to be served, let alone responded to.[1]  Plaintiffs' complaint evidences a good-faith cause of action, and therefore Defendant has no basis to claim that discovery would be futile.  At this early stage of the proceedings, summary judgment is entirely inappropriate, and as such the court should permit Plaintiffs to obtain further discovery from the moving Defendant as well as the Defendant who is currently in possession of the door at issue in order to determine which entity manufactured the door and the manner in which the door failed to operate safely.


## CONCLUSION

For all the foregoing reasons, it is respectfully submitted that the Court deny Defendant's motion for summary judgment.



Dated: February 14, 2019                    Respectfully submitted,

                                            Plaintiffs' Counsel

                                            By: /s/ Shannon Pennock
                                            Pennock Law Firm LLC
                                            411 Lafayette Street, 6th Floor
                                            New York, NY 10003
                                            (551) 200-6352
                                            Fax: (929) 235-7273
                                            shannonpennock@pennocklawfirm.com

---

[1] With the exception of Rule 7.1(a) and Rule 26(a)(1) disclosures.

5