UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | |
|---|---|
| KIM CURTIS and SCOTT CURTIS,<br><br>　　　　Plaintiffs,<br><br>VS.<br><br>HILTON WORLDWIDE HOLDINGS INC., HILTON GARDEN INN NEW YORK/CENTRAL PARK, HILTON GARDEN INNS MANAGEMENT LLC, MOINIAN LLC, THE MONIAN DEVELOPMENT GROUP LCC, 237 WEST 54TH ST. LLC, FIVE LAKES MANUFACTURING, INC., MARSHFIELD DOOR SYSTEMS INC., PAV-LAK CONTRACTING INC., and KOTA DRYWALL CORP.,<br><br>　　　　Defendants. | Index: 1:18-cv-03068(ER)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT FIVE LAKES MANUFACTURING, INC.'S RULE 56.1 STATEMENT OF UNDISPUSTED MATERIAL FACTS** |

　　　　Plaintiffs, KIM CURTIS and SCOTT CURTIS hereby submits this response to Defendant Five Lakes Manufacturing, Inc.'s Statement of Undisputed Material Facts:

1. On September 3, 2015, plaintiffs were guests at the Hilton Garden Inn New York located at 237 West 54th Street, New York, New York. (Exhibit "A" at paragraph 12).

    **Admitted**.

2. Upon checking in, plaintiffs noticed that the handle to the bathroom door was broken. (Exhibit "A" at paragraph 13). Plaintiffs notified the front desk of the broken bathroom door handle. (Exhibit "A" at paragraph 13).

    **Admitted**.

3. The front desk assured plaintiff that the door handle would be fixed. However, the bathroom door handle was never fixed. Exhibit "A" at paragraph 14). However, the

1

bathroom door handle was never fixed. (Exhibit "A" at paragraph 14).

**Admitted**.

4. On September 4, 2015, plaintiff, Kimberly Curtis attempted to use the bathroom door when it collapsed on her. (Exhibit "A" at paragraph 16).

**Admitted**.

5. The five (5) photographs exchanged by plaintiffs as part of their Rule 26 Disclosure depict the bathroom door that was involved in plaintiff, Kim Curtis' accident. (Exhibit "C").

**Admitted**.

6. Defendant, FIVE LAKES is and has been in the business of manufacturing interior wood doors for commercial properties and high end residential buildings since 1994. (Exhibit "B" at paragraph 3). Defendant FIVE LAKES does not design, manufacturer or supply hardware for doors. This includes door handles. (Exhibit "D" at paragraph 5). In addition, FIVE LAKES does not install doors or door hardware. (Exhibit "D" at paragraph 5). **Denied to the extent that discovery is ongoing and Plaintiffs are presently unaware of Defendant's business practices other than what has been provided in support of this motion.**

7. Defendant FIVE LAKES made a search of their records as far back as 2008. FIVE LAKES was unable to find any record of sales of its doors to defendants, HILTON WORLDWIDE HOLDINGS INC., HILTON GARDEN INN NEW YORK/CENTRAL PARK, HILTON GARDEN INNS MANAGEMENT LLC, MOINIAN LLC, THE MOININA DEVELOPMENT GROUP LLC, 237 WEST 54TH ST. LLC, PAV-LAV [sic] CONTRACTING INC., and KOTA DRYWALL CORP. (Exhibit "D" at paragraph 7). In addition, none of the aforesaid defendants have ever been customers of defendant FIVE

LAKES. (Exhibit "D" at paragraph 7).

**Denied to the extent that Plaintiffs have no knowledge of the moving Defendant's record search other than what has been presented as Exhibit "D".**

8. Defendant, FIVE LAKES did sell co-defendant MARSHFIELD DOOR SYSTEMS, INC. doors from 2011-2012, but they were not the same type of door that was involved in plaintiff's accident. (Exhibit "D" at paragraph 8).

**Denied to the extent that Plaintiffs have no knowledge of Defendant's previous sales other than what has been presented as Exhibit "D".**

9. The door depicted in the photographs exchanged by plaintiff, was not designed, manufactured or installed by FIVE LAKES. (Exhibit "D" at paragraphs 8 and 9).

**Denied to the extent Plaintiffs do not know with certainty which entity designed, manufactured, or installed the door at this time, but have a basis for believing that the manufacturer was indeed Defendant Five Lakes Manufacturing, Inc. The basis for this belief is that on or about April 13, 2017, a representative for the Hilton Defendants sent Plaintiff Scott Curtis an email in which the representative specifically named Defendant Five Lakes Manufacturing as the door manufacturer. Please see attached email correspondence as Exhibit "1".**

Dated: February 14, 2019    Respectfully submitted,

Plaintiffs' Counsel

By: /s/ Shannon Pennock
Pennock Law Firm LLC
411 Lafayette Street, 6th Floor
New York, NY 10003
(551) 200-6352
Fax: (929) 235-7273
shannonpennock@pennocklawfirm.com