UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: ___7/11/2019___

KIM CURTIS and SCOTT CURTIS,

                Plaintiffs,

    - against -

HILTON GARDEN INN NEW YORK/CENTRAL
PARK, HILTON GARDEN INNS MANAGEMENT
LLC, HILTON WORLDWIDE HOLDINGS INC.,
MOINIAN LLC, THE MOINIAN DEVELOPMENT
GROUP LLC, 237 WEST 54TH STREET LLC, FIVE
LAKES MANUFACTURING INC., PAV-LAK
CONTRACTING INC., and KOTA DRYWALL CORP.,

                Defendants.

**OPINION AND ORDER**

18 Civ. 3068 (ER)

RAMOS, D.J.:

    A married couple from Ohio, Kim Curtis ("Ms. Curtis") and Scott Curtis ("Mr. Curtis"),

bring this tort action against Hilton Garden Inn New York/Central Park, Hilton Garden Inns

Management LLC, Hilton Worldwide Holdings Inc., (collectively the "Hilton Defendants")

Moinian LLC, The Moinian Development Group LLC, 237 West 54th Street LLC, Five Lakes

Manufacturing Inc., Pav-Lak Contracting Inc., and Kota Drywall Corp. for injuries incurred by

Ms. Curtis after a door allegedly fell on her while the couple were guests at a Hilton Garden Inn

in New York City. Doc. 1. The alleged door manufacturer, Five Lakes Manufacturing, Inc.

("Five Lakes"), moves for summary judgement on the theory that it did not design or

manufacture the door. For the reasons set forth below, the motion is DENIED.

## I. Background

    On September 3, 2015, Plaintiffs checked in to the Hilton Garden Inn in New York City.

Doc. 87-1, 1. After checking in, they went to their room, noticed that the handle on the

bathroom door was broken, and notified the front desk. *Id.* The staff at the front desk told Plaintiffs that they would have the broken door handle fixed. Doc. 87-1, 1–2. The next day, Ms. Curtis attempted to use the bathroom door, which had not been repaired, but it collapsed on her. *Id.* at 2. According to representations in the Plaintiffs' brief, Plaintiffs attempted to settle the case without the need for litigation. In connection therewith, Martin Columbia, Hilton's insurance adjuster sent an email to Mr. Curtis on April 13, 2017, advising, among other things, that the door was purchased with a lifetime warranty from the manufacturer, "Marshfield Door Systems Inc./Five Lakes Manufacturing Inc." Doc. 87-3.

On April 6, 2018, Mr. and Ms. Curtis filed the instant suit. Doc. 1. On December 13, 2018, the Court granted Five Lakes leave to file a motion to dismiss, due on January 14, 2019, and provided that all discovery shall be completed by June 14, 2019. Rather than file a motion to dismiss, on January 14, 2019, Five Lakes moved for summary judgment. At that time, the parties had not conducted any discovery except for making the disclosures required by Federal Rules of Civil Procedure 7.1(a) and 26(a)(1). Doc. 78.

In support of its motion for summary judgment, Five Lakes introduced an affidavit from Patricia Tischbein, Five Lakes' president and one of its owners. Doc. 79-4. In her affidavit, Tischbein avers that Fives Lakes never sold the type of door that allegedly collapsed on Ms. Curtis. Doc. 79-4, 4.

## II.    Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F.Supp.2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint*

*Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). A fact is "material" if it "might affect the outcome of the litigation under the governing law." *Id.* (internal quotation marks omitted). The party moving for summary judgment is first responsible for demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Saenger v. Montefiore Med. Ctr.*, 706 F.Supp.2d 494, 504 (S.D.N.Y. 2010) (internal quotation marks omitted) (citing *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008)). However, "When the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008).

## III. Discussion

The Court hears this case in diversity jurisdiction. "The Court, sitting in diversity, shall apply New York law on substantive matters . . . ." *Specrite Design, LLC v. Elli N.Y. Design Corp.*, No. 16 Civ. 6154 (ER), 2017 WL 3105859, at *4 n.5 (S.D.N.Y. July 20, 2017). "Under New York law, the seller of a product ordinarily is strictly liable for injuries caused by any manufacturing, design, or warning defect." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). Five Lakes moves for summary judgment on the theory that it did not sell the door that collapsed on Ms. Curtis. In support of its motion, it attaches an affidavit from its president, affirming that Five Lakes did not manufacture or sell the door. Doc. 79-4.

3

Plaintiffs oppose summary judgment for two main reasons.[1] First, they claim that, even if Five Lakes had received leave to file a motion for summary judgment, it would be inappropriate to grant a motion for summary judgment at this early stage in the litigation. The Second Circuit has held that, before granting a motion for summary judgment, "[t]he nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment" and "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (internal quotation marks and citations omitted). Here, no discovery—except for the disclosures required by Federal Rules of Civil Procedure 7.1(a) and 26(a)(1)—has occurred.[2]

Second, they argue that there is a genuine issue of material fact about whether Five Lakes manufactured the door because, while Five Lakes' president affirmed that Five Lakes did not manufacture the door, a representative for the Hilton Defendants wrote that it did. Doc.87, 6–7. At this point in the litigation, Plaintiffs may reasonably rely on this representation. Accordingly, this disputed issue constitutes a genuine issue of material fact that precludes summary judgment.[3]

---

[1] Plaintiffs also argue that the motion is procedurally deficient. The Court's Individual Rules provide that "[a] pre-motion conference with the Court is required before making any other [non-discovery] motion." On December 13, 2018, the Court held a pre-motion conference and granted Five Lakes leave to file a motion to dismiss, not a motion for summary judgment.

In its reply, Five Lakes argues that its motion was procedurally proper because, after Plaintiffs raised this argument, "Plaintiffs' counsel was referred to the Court's December 13, 2018 minutes and even acknowledged their mistake." Doc. 90, 4. As a plain reading of the December 13, 2018 minute entry makes clear, however, Five Lakes was granted leave to file a motion to dismiss—not a motion for summary judgment. The Court resolves the motion on the merits, however, because Plaintiffs have responded to the summary judgment motion.

[2] Five Lakes dismisses this argument because "[d]iscovery will not lead to what does not exist." Doc. 90, 4. However, "[a]ssessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996).

[3] Five Lakes argues that the Court may not consider the Hilton Defendants' email because it is inadmissible hearsay and because it is speculative. Doc. 90, 2–3. As to the first point, the Court notes that, when "deciding a summary judgment motion," it "has broad discretion in choosing whether to admit evidence," and that it would make little sense to exclude an out of court statement before Plaintiffs have had the opportunity to depose any witness—let

**IV.    Conclusion**

For the foregoing reasons, Defendant's Motion for Summary Judgment is DENIED.  The

Clerk of the Court is respectfully directed to terminate the motion, Doc. 78.

It is SO ORDERED.

Dated:  July 11, 2019
        New York, New York

Edgardo Ramos, U.S.D.J.

---

alone the declarant.  *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 264 (2d Cir. 2009).  As
to the second point, the email is not speculative.  It clearly provides that "the doors were purchased with a lifetime
warranty from the manufacturer" and defines the manufacturer as "Marshfield Door Systems Inc./Five Lakes
Manufacturing Inc."  Doc. 87-3.