# PENNOCK LAW FIRM LLC

411 Lafayette St., 6th Fl.  
New York City, NY 10003

**MEMO ENDORSED**

75 Montgomery St.  
Jersey City, NJ 07302  
551-200-6352

November 10, 2019

The Honorable Edgardo Ramos  
Thurgood Marshall United States Courthouse  
40 Foley Square  
New York, NY 10007  
Phone: (212) 805-0294  
Fax: (212) 805-7943

Re: **Curtis v. Hilton Worldwide Holdings Inc., et al.**  
**Civil Action No. 1:18-cv-03068**

Dear Judge Ramos,

     This firm represents the Plaintiffs Kimberly and Scott Curtis ("Plaintiffs") in the above-referenced matter. This matter arises out of a bathroom door collapsing on Plaintiff Kimberly Curtis on September 4, 2015, causing her severe and permanent injuries. This letter is being filed pursuant to SDNY Local Rules 7.1(d) and 37.2. Plaintiffs seek a pre-motion discovery conference. Plaintiffs seek to compel discovery from Defendants Hilton Worldwide Holdings, Inc., Hilton Garden Inn New York/Central Park, Hilton Garden Inns Management LLC, Moinian LLC, The Moinian Development Group, LLC, 237 West 54th Street (collectively referred to as the "Hilton/Moinian Entities") as well as Defendant Pav-Lak Contracting Inc ("Pav-Lak"). Plaintiffs reluctantly file this letter as a last resort necessitated by the Hilton/Moinian Entities' refusal to provide responses to straightforward discovery requests after several rounds of meet and confer, and by counsel for Pav-Lak's repeated failure to meet and confer or to otherwise provide adequate discovery responses. For the following reasons, the Court should conduct a pre-motion discovery conference on November 13.

    **I.**    **Discovery Sought from the Hilton/Moinian Entities**

**A. Response to Interrogatory Pertaining to Maintenance on Incident Door**

Interrogatory 16 asks "[h]ad any maintenance been performed on the incident door prior September 3, 2015? If so, provide the dates of said maintenance and the names of any and all employees, agents, servants, independent contractors, or anyone else who worked on the incident door." In response, the Hilton/Moinian Entities answered that they were "unaware of the definition of 'incident door,'" despite the fact that it was clearly defined in the interrogatories, if

1

not completely self-explanatory.[1] Plaintiffs' counsel demanded a meet and confer regarding this inexplicable response. On August 19 during the meet and confer, counsel for the Hilton/Moinian Entities represented that the hotel had experienced staff turnover at the end of 2015, which made it difficult to find the requested information in their system, but that they would nonetheless supplement their response. The Hilton/Moinian Entities then served a further deficient response stating "[w]ith respect to the prior responses to interrogatories numbers 12 and 16, subject to and without waiving any previous objections, the responding defendants are not aware of the specific individual engineer." This Answer is of course completely unresponsive as to whether any maintenance was performed on the door prior to the door falling on Mrs. Curtis.

As such, Plaintiffs' counsel sent a second deficiency notification and on October 15, counsel met and conferred again, at which point the Hilton/Moinian Entities' counsel represented they would again supplement their response to actually answer the Interrogatory.

The Hilton/Moinian Entities' new supplemental response still does not answer the question of whether maintenance was performed, but instead introduces a new objection that has never been raised before. Defendants object pursuant to Local Rule 33.3. Plaintiffs' counsel immediately sent a third deficiency letter and agreed to yet another meet and confer, which occurred on November 6. During this meet and confer, the Hilton/Moinian Entities stated they would not answer the Interrogatory based on their newly stated objection.

The Hilton/Moinian Entities' objection to Interrogatory 16 is not only untimely but is baseless and they should be compelled to answer the interrogatory. Fed. R. Civ. Proc. 33(b)(4) states that "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." The objection is indisputably untimely as it is now being raised eight months after the response was initially due. Defendants cannot demonstrate good cause that would allow the objection to stand where it is only being raised for the first time after three rounds of meet and confer and almost a full year of attempted discovery. Finally, the objection itself is baseless. These records are clearly accessible to the Hilton/Moinian Entities and available to the Hilton/Moinian Entities. The Hilton organization is a multibillion-dollar organization and should easily be able to ascertain whether maintenance records exist for this door, or they must answer the question and indicate that they do not have any records that maintenance was performed.

### B. Response to Interrogatory 12 Regarding Identification of Employees/Staff

Plaintiffs' Interrogatory 12 asks the Hilton/Moinian Entities to "[i]dentify all individual(s) responsible for maintaining the safety or proper functioning of the bathroom doors within a guest's hotel room at the time of or prior to the incident and provide their name, position, address and current employment status." The Hilton/Moinian Entities' first Answer stated, "[d]efendants are currently unaware of the specific individual, but an engineer would ensure safety and/or

---

[1] Plaintiffs' Interrogatories include and are subject to Definitions, which specifically provide that "The phrase 'incident bathroom door' or 'bathroom door' shall mean the entrance to the bathroom located within the hotel room that Plaintiffs initially checked into during their stay at Defendants' hotel on September 3, 2015."

2

functioning of the door." However, the Hilton/Moinian Entities failed to identify this engineer. As such, Plaintiffs' counsel subsequently sent a deficiency letter asking for the name of the engineer that Defendants claim "would ensure safety and/or functioning of the door." On August 19, counsel met and conferred on this point as well. As opposed to providing the name of this individual, however, the Hilton/Moinian Entities stated that they were not aware of the specific individual engineer and again provided no names as to those who would have been responsible for maintaining the safety and functioning of the bathroom doors. As such, Plaintiffs' counsel sent yet another deficiency letter to the Hilton/Moinian Entities' counsel notifying them they had an obligation to find this information. In addition, the letter also noted the supplemental response failed to indicate whether anyone other than an engineer was responsible for maintaining the safety or functionality of the bathroom doors.

A second meet and confer occurred on October 15, 2019, at which point Defense counsel stated a supplemental response would be provided and they would find a responsive list of employees from the relevant timeframe. Despite this representation, the Hilton/Moinian Entities further supplemented their answer to state that they were unaware of any specific individuals and further objected to any indication that any individual would be responsible for maintaining the proper functioning of the bathroom door. This is not a proper response to the interrogatory. The Hilton/Moinian Entities clearly have relevant records in their possession and are simply refusing to look at them or to turn them over. Discovery as to whether the door was maintained and who was responsible for the maintenance and safe functioning of this door is unquestionably permitted. In addition, Defendants' objection based off of Local Rule 33.3 is again untimely and baseless for the same reasons raised with regard to Interrogatory 16.

### C. Responses to Requests for Production

Plaintiffs served requests for production which sought any Franchise Agreements between the Hilton/Moinian Entities as well as any hospitality policies or guidelines that were in effect at the hotel during the time of the incident. Defense counsel responded with boilerplate objections stating that these documents were irrelevant, proprietary, and privileged. Plaintiffs' counsel immediately sent a deficiency letter. On November 6, counsel for the parties met and conferred, at which point the Hilton/Moinian Entities agreed to supplement their response as to the request for the production of hospitality policies to indicate they were still searching for the relevant policies, but refused to provide the Franchise Agreements on the basis that they were proprietary and irrelevant.

The Franchise Agreements are relevant and discoverable documents and there is no privilege that bars their disclosure. Disclosure of the Franchise Agreements will ensure that all of the proper parties are named as Defendants. These will also assist in discovering which Defendant, through its representatives, is responsible for any maintenance involved with guest rooms at the incident hotel. The agreements typically spell out the obligations of the Franchisor versus the Franchisee and, whether non-delegable or not vis a via the Defendants' duties to the Plaintiffs, will allow discovery to focus on who was supposed to do what with regard to this door as far as the Defendants were concerned at the time. These documents may further reveal relevant information currently unknown to Plaintiffs; indeed, that is the purpose of the discovery process.

3

Franchise agreements are routinely turned over in lawsuits against hotels and their subsidiaries and parent companies. Clearly, the Hilton/Moinian Entities do not believe they have any basis for a defense based on the Franchise Agreements, and their refusal to provide them should result in an estoppel should they try to base a defense on the agreements in the future. In sum, due to the Hilton/Moinian Entities' refusal to turn over relevant, discoverable materials, a pre-motion conference is necessary to mandate disclosure of the Franchise Agreements.

## II. Discovery Sought from Pav-Lak

Defendant Pav-Lak is the general contractor who was responsible for the construction done on the hotel room. Defendant Pav-Lak (Pav-Lak) contracted with Defendant Kota Drywall (Kota) to have Kota perform the installation of the door. Therefore, Pav-Lak possesses relevant information pertaining to the door. Interrogatory 2 asks Pav-Lak to state with specificity the dimensions of the incident door. Pav-Lak claims it has no responsive information and that such information would be in possession of Defendant Kota Drywall. Pav-Lak further failed to respond to interrogatories regarding the date of installation, identity of the door manufacturer, and the identity of any person involved with the installation and instead cited to its Answer to interrogatory 2. These responses are all deficient in that Pav-Lak is obligated to seek information that it can obtain. Plaintiffs also sent an interrogatory asking "[w]hat if any safety warnings did you provide to any Defendant regarding the incident door before or after it was installed?" Pav-Lak responded as follows: "Pav-Lak is unaware of unaware of any safety warnings, other than those provided by the manufacturer." This answer is deficient. Pav-Lak is obligated to both identify the safety warnings provided by the manufacturer as well as the identity of the manufacturer. Pav-Lak is also obligated to state to whom the safety warnings were provided.

Plaintiffs' counsel reached out to Pav-Lak's counsel on several occasions seeking to meet and confer prior to the filing of this letter, but Pav-Lak's counsel did not respond, necessitating a pre-motion conference to resolve these issues.

## III. Conclusion

As previous efforts to meet and confer and conduct the discovery process in good faith have resulted in nothing but delays and futility, Plaintiffs' counsel respectfully requests the Court conduct a pre-motion discovery conference to resolve these aforementioned issues. The Hilton/Moinian Entities' 30(b)(6) representative deposition is currently scheduled for November 19. Plaintiffs need the aforementioned discovery in advance of the deposition in order to avoid further delays to this matter's Court-ordered schedule, which has already been modified on several previous occasions. Plaintiffs' counsel has in good faith diligently turned over Plaintiff's records as they have been received from Plaintiff's employers and health care providers, and we will continue to do so as additional records are obtained as a result of her continuing treatment.

# MEMO ENDORSED

    For all the foregoing reasons, Plaintiffs respectfully request the Court conduct a pre-motion discovery conference on November 13.

                              Respectfully submitted,

*/s/ Shannon Pennock*

Shannon Pennock, Esq.
PENNOCK LAW FIRM LLC
411 Lafayette Street, 6th Floor
New York, New York, 10003
shannonpennock@pennocklawfirm.com
(551) 200-6352

CC: Attorneys of Record via Electronic Filing

---

The conference currently scheduled for November 13, 2019 at 11:30 AM will now take place on the same date at 4:00 PM. Any pending discovery disputes will be addressed at this conference.

SO ORDERED.

                     */s/ Edgardo Ramos*
Edgardo Ramos, U.S.D.J
Dated: November 12, 2019
New York, New York

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: November 12, 2019