UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIM CURTIS *and* SCOTT CURTIS,

                Plaintiffs,

– against –

HILTON GARDEN INN NEW YORK/CENTRAL PARK, HILTON GARDEN INNS MANAGEMENT LLC, MOINIAN LLC, THE MOINIAN DEVELOPMENT GROUP LLC, 237 WEST 54TH STREET LLC, PAV-LAK CONTRACTING INC., KOTA DRYWALL CORP., *and* HILTON WORLDWIDE HOLDINGS INC.,

                Defendants.

**AMENDED OPINION & ORDER**

18 Civ. 3068 (ER)

RAMOS, D.J.:

      A married couple from Ohio, Kim Curtis ("Ms. Curtis") and Scott Curtis ("Mr. Curtis"), bring this tort action against Hilton Garden Inn New York/Central Park, Hilton Garden Inns Management LLC, Hilton Worldwide Holdings Inc. (collectively the "Hilton Defendants"), Moinian LLC, The Moinian Development Group LLC (collectively, the "Moinian Defendants"), 237 West 54th Street LLC (together with the Hilton and Moinian Defendants, the "Building Defendants"), Pav-Lak Contracting Inc., and Kota Drywall Corp.[1] for injuries suffered by Ms. Curtis after a door allegedly fell on her while the couple were guests at a Hilton Garden Inn in New York City. Doc. 1. The Building Defendants answered the complaint on June 15, 2018, asserting crossclaims against Pav-Lak seeking indemnification and/or contribution. Doc. 49 ¶¶

---

[1] Plaintiffs have obtained a clerk's certificate of default, Doc. 62, against Kota Drywall but have not yet moved for default judgment in accordance with the Court's individual rules.

16–24.  Pav-Lak moves for summary judgment on the claims and crossclaims against it.  Doc. 151.  For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

I.      BACKGROUND

Pav-Lak entered into a contract in April 2012 to serve as the general contractor for the Hilton Garden Inn when the hotel was being built.  Doc. 157-18; Doc. 152 ¶ 2.  Among other responsibilities, the contract required Pav-Lak to "supervise and direct the [w]ork, using [its] best skill and attention" and to inspect "portions of [w]ork already performe[ed] to determine that such portions are in proper condition to receive subsequent [w]ork."  Doc. 157-18 at 34.  Pav-Lak oversaw the subcontracting of various aspects of the construction project, including the subcontract entered into on July 12, 2012 with Kota Drywall, who installed the bathroom door which is the subject of this action.  Doc. 157-9; Doc. 152 ¶¶ 3–5.  Kota was selected as the subcontractor over Pav-Lak's objection.  Doc. 152 ¶ 5.  Pav-Lak had concerns about Kota's ability to execute the carpentry work and memorialized its objection to Kota in a July 12, 2012 letter to Oskar Brecher of Moinian Development Group, which read:

> Ownership acknowledges that Pav-Lak has expressed its reservations about awarding this contract to Kota Drywall, Inc. and will not be held responsible for any delays and/or damages caused by this Subcontractor's failure to perform.

*Id.* ¶¶ 5–6; Doc. 157-10.  Brecher signed the letter in acknowledgement and returned it to Pav-Lak on July 26, 2012.  Doc. 152 ¶ 6.[2]  Pav-Lak did not choose the doors and hardware, nor did it install the doors or have laborers present on the construction site at any time.  *Id.* ¶¶ 8–10.  Pav-Lak's involvement at the construction site included having three to five employees present at the site on a daily basis to monitor material procurement and construction progress, manage permits

---

[2] Plaintiffs deny that there is evidence establishing this fact, Doc. 157-1 ¶ 4, but Plaintiffs, as well as Pav-Lak, submit copies of the signed letter.  Docs. 153-3; 157-10.  The Court thus finds that this fact is not in dispute.  *See infra*, n.3.

and insurance, coordinate inspections, facilitate requests for information, and process orders and documents. *Id.* ¶¶ 9–10. The hotel ultimately opened in January 2015. Doc. 157-6 at 60:14–16.

On September 3, 2015, Plaintiffs checked in to the Hilton Garden Inn in New York City, located at 237 West 54th Street and owned and operated by the Hilton Defendants. Doc. 1 ¶¶ 2, 12. After checking in, they went to their room, noticed that the handle on the bathroom door was broken, and notified the front desk. *Id.* ¶ 13. The staff at the front desk told Plaintiffs that they would have the broken door handle fixed. *Id.* ¶ 14. The next day, Ms. Curtis attempted to use the bathroom door, which had not been repaired, when it collapsed on her. *Id.* ¶ 16. Ms. Curtis suffered permanent personal injuries that continue to require medical care. *Id.* ¶ 17.

Plaintiffs filed the instant suit on April 6, 2018. The suit brings claims alleging negligence and/or recklessness in the installation of the door and hardware. *Id.* ¶ 18. The Hilton and Moinian Defendants together with 237 West 54th Street LLC answered the complaint on June 15, 2018, bringing crossclaims against Pav-Lak, among others, seeking indemnification and contribution and bringing a claim for breach of contract. Doc. 49 ¶¶ 16–24. Pav-Lak now moves for summary judgment dismissing the claims and crossclaims against it on the basis that it owes no duty, contractual or otherwise, to the Plaintiffs. Doc. 151.

## II.  LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.* The party moving for summary

judgment is first responsible for demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Saenger v. Montefiore Med. Ctr.*, 706 F. Supp. 2d 494, 504 (S.D.N.Y. 2010) (quoting *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008)).

In deciding a motion for summary judgment, the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)). However, in opposing a motion for summary judgment, the non-moving party may not rely on unsupported assertions, conjecture or surmise. *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). To defeat a motion for summary judgment, "the non-moving party must set forth significant, probative evidence on which a reasonable fact-finder could decide in its favor." *Senno*, 812 F. Supp. 2d at 467–68 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986)).[3]

---

[3] To assist the Court in its determination as to whether there exist any genuine issues of material fact, Local Rule 56.1 requires a party moving for summary judgment to submit a statement of the material facts that it contends are not genuinely in dispute, Local R. 56.1(a), and requires the opposing party to submit a statement specifically responding to the assertion of each purported undisputed fact by the movant. Local R. 56.1(b); *see also Holtz v. Rockefeller & Co., Inc.,* 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties."). Each of the parties' respective statements of material fact must be supported by a citation to admissible evidence in the record. Local R. 56.1(d); *see also* Fed .R. Civ. P. 56(c)(1)(A) (requiring reliance on admissible evidence in the record in supporting or controverting a purported material fact). Statements of material fact set forth by the moving party will be deemed admitted for purposes of the motion "unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Local Rule 56.1(c).

Here, Pav-Lak properly filed and served a Statement of Undisputed Facts in support of its motion. Doc. 154-1. Plaintiffs, however, only responded to ten of the eleven statements set forth by Pav-Lak. Doc. 157-1. Further, Plaintiffs' denials regarding the statements Pav-Lak numbered as 2, 3, 4, 5, 8, 9, and 10 are not supported

For claims under New York law, the Court should determine how the New York Court of Appeals would decide them. *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 133 (2d Cir. 2007) (citation omitted). Decisions from New York's intermediate appellate courts are helpful indicators, but this Court is not bound by those decisions. *Id.*

### III. DISCUSSION

Pav-Lak argues that it owes no duty to Plaintiffs as non-parties to the construction contract. To demonstrate that a defendant acted with negligence under New York law, a plaintiff must show (1) the existence of a duty flowing from defendant to plaintiff; (2) a breach of this duty; (3) a reasonably close causal connection between the contact and the resulting injury; and (4) actual loss, harm, or damage. *Stagl v. Delta Air Lines, Inc.*, 117 F.3d 76, 79 (2d Cir. 1997) (citation omitted). "Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party[.]" *Miller v. Infohighway Commc'ns Corp.*, 981 N.Y.S.2d 797 (N.Y. App. Div. 2014). However, the New York Court of Appeals has identified three circumstances in which a duty of care may arise to a noncontracting third party. *Church ex rel. Smith v. Callanan Indus., Inc.*, 782 N.E.2d 50 (N.Y. 2002). These are: (1) "where the promisor [here, Pav-Lak], while engaged affirmatively in discharging a contractual obligation, creates an unreasonable risk of harm to others, or increases that risk;" (2) "where the plaintiff has suffered injury as a result of reasonable reliance upon the defendant's [here, Pav-Lak] continuing

---

by *any* citations to *any* evidence in the record. Doc. 157-1. Accordingly, these 7 statements, in addition to the 3 statements Plaintiffs explicitly admit, are deemed admitted for purposes of this motion. Local R. 56.1(c); *see also T.Y. v. N.Y. City Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible."). Further, the Building Defendants' counterstatements, contained in narrative form in their brief in opposition to Pav-Lak's motion, *see* Doc. 155 at 4–5, do not satisfy the requirements of Local Rule 56.1, as they do not "include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party"; accordingly, the Building Defendants are deemed to have admitted the facts properly stated in Pav-Lak's 56.1 statement. *See* Local R. 56.1(b)–(c) (requiring correspondingly numbered paragraphs and that statements be specifically controverted).

5

performance of a contractual obligation;" and (3) "where the contracting party [here, Pav-Lak] has entirely displaced the other party's duty to maintain the premises safely[.]" *Id.* (citing *Espinal v. Melville Snow Contrs.*, 773 N.E.2d 485 (2002)) (internal quotation marks omitted).

Pav-Lak argues that none of these exceptions apply. First, it argues that the first exception does not apply because it was not engaged affirmatively in discharging a contractual obligation. Pav-Lak points to *Miller v. Infohighway Communications Corp.*, a case in which the New York Appellate Division held that a general contractor could not be liable under the first exception where it subcontracted the work and its involvement was limited to receiving updates from the subcontractor and conducting an inspection of the work once completed. 981 N.Y.S.2d 797, 800 (N.Y. App. Div. 2014). As in *Miller*, it argues, the work causing the injury was not performed by Pav-Lak but rather its subcontractor, Kota, and was later subject to general inspection by Pav-Lak. Doc. 152 ¶¶ 8–10. Further, because the Plaintiffs "did not allege facts in their complaint . . . that would establish that any of the other exceptions . . . applied," Pav-Lak should not be "required . . . to negate the possible applicability of any of those exceptions." *Id.*; *see also Butnik v. Luna Park Hous. Corp.*, 158 N.Y.S.3d 240 (N.Y. App. Div. 2021) (affirming grant of summary judgment where the defendant "established . . . that it did not perform the . . . work . . . which allegedly caused the dangerous condition, and that such work was performed by a subcontractor[.]") (citations omitted).

Plaintiffs respond that *Miller* is distinguishable because, unlike the defendant contractor in *Miller*, Pav-Lak here had a duty to inspect Kota's work. They point to *Landon v. Kroll Laboratory Specialists, Inc.*, in which the New York Court of Appeals agreed with the Appellate Division's decision that the plaintiff had stated a claim for negligence where the defendant drug testing laboratory issued a false positive test result. 999 N.E.2d 1121 (N.Y. 2013). In *Landon*,

the plaintiff alleged that the defendant did not exercise reasonable care, a fact which the reviewing courts accepted as true for purposes of the motion to dismiss. *Id.* Thus, because "[t]he alleged harm to plaintiff was not remote or attenuated [and because] there are strong policy-based considerations that counsel in favor of finding that the defendant owed a duty to plaintiff under these circumstances," the court did not dismiss the claim at that stage. *Id.* Specifically, the court stated that "the release of a false positive report [would] have profound, potentially life-altering, consequences for a test subject" and "[t]he laboratory [was] in the best position to prevent false positive results." *Id.* Plaintiffs argue that Pav-Lak's behavior is comparable, since it had a contractual duty with Moinian to "supervise and direct the [w]ork, using [its] best skill and attention" and to inspect "portions of [w]ork already perform[ed] to determine that such portions are in proper condition to receive subsequent [w]ork." Doc. 157-18 at 34. They argue Pav-Lak failed to satisfy this duty, constituting a failure to exercise reasonable care under the exception, because Pav-Lak never raised concerns regarding Kota's work on the doors and continued to pay Kota and provide them further work after the doors were installed, in violation of their duties to supervise, direct, and inspect the work.

As a matter of law, the Court agrees with Pav-Lak. Pav-Lak's relationship to the Plaintiffs is far more similar to the relationships in *Miller* and *Butnik* than in *Landon*. Simply put, Kota and not Pav-Lak installed the door that allegedly injured Plaintiffs. Further, Pav-Lak, unlike the laboratory in *Landon*, was not "in the best position to prevent" the injury, since Kota installed the door. 999 N.E.2d 1121. *Landon* also was decided at the motion to dismiss stage, where plaintiffs' burden is lower than at summary judgment. Ultimately, Plaintiffs have not provided caselaw in support of their argument that Pav-Lak's duty to oversee and inspect Kota's work satisfies the exception to the general rule that there is no duty to third parties outside of a

contract.  Therefore, the first exception does not apply and Pav-Lak owed no duty to Plaintiffs. Plaintiffs' and the Building Defendants' further arguments regarding inspections and shop drawings are factual issues that need not be reached, as there is clearly no duty to Plaintiffs as a matter of law.  Plaintiffs' claims against Pav-Lak are dismissed.

### A. Crossclaims

Pav-Lak next moves for summary judgment dismissing the Building Defendants' crossclaims against it.  First, it argues that the breach of contract crossclaim should be dismissed because it has fulfilled its obligations under its contract with 237 West 54th Street LLC, which required Pav-Lak to name the Building Defendants as additional insured on its insurance policy. Doc. 153-6.  Further, it argues that the remaining claims for indemnification and contribution should be dismissed if the Court dismisses Plaintiffs' claims against it, as there would thus be no negligence giving rise to any claim for indemnification or contribution.[4]

The Building Defendants do not address Pav-Lak's motion for summary judgment on these crossclaims.  However, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law," *Vt. Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004), and "[i]f the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then 'summary judgment must be denied even if no opposing evidentiary matter is presented,'" *id.* at 244 (emphasis omitted) (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)).

---

[4] Pav-Lak argues that it cannot be liable for negligence on the part of Kota because "237 West 54th Street LLC expressly agreed to hold Pav-Lak harmless against any damages caused by Kota's failure to perform under its contract with Pav-Lak."  Doc. 154 at 20 (citing July 12, 2022 letter, Doc. 153-3).

Here, Pav-Lak has not met its burden. Pav-Lak's Local Rule 56.1 Statement contains no information concerning the contract between Pav-Lak and the Building Defendants sufficient to show whether Pav-Lak breached a contract or owes contribution or indemnification. Therefore, due to Pav-Lak's failure to submit a clear description of the relevant facts, a review of the record imposes a significant burden upon the Court. "The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001). Accordingly, the Court denies Pav-Lak's motion to dismiss the crossclaims based on its failure of proof. *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (holding that the trial court "is not required to consider what the parties fail to point out" in 56.1 statements).

## IV.    CONCLUSION

For all these reasons, Pav-Lak's motion for summary judgment is GRANTED as to Plaintiffs' claims and DENIED as to the crossclaims. The Clerk of Court is respectfully directed to terminate the motion, Doc. 151.

SO ORDERED.

Dated:   September 7, 2022
         New York, New York

_____
Edgardo Ramos, U.S.D.J.