UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIM CURTIS *and* SCOTT CURTIS,<br><br>        Plaintiff,<br><br>   *-against-*<br><br>HILTON WORLDWIDE HOLDINGS INC., HILTON GARDEN INN NEW YORK/CENTRAL PARK, HILTON GARDEN INNS MANAGEMENT LLC, MOINIAN LLC, THE MOINIAN DEVELOPMENT GROUP LLC, 237 WEST 54TH STREET LLC, PAV-LAK CONTRACTING INC., *and* KOTA DRYWALL CORP.,<br><br>        Defendants. | 18-cv-3068 (ER) |

## **JUDGMENT**

The trial of this matter began on April 29, 2024, and proceeded to a unanimous jury verdict, which was issued on May 6, 2024. A copy of the Jury Verdict was previously filed herein as ECF Doc. 267. The Jury Verdict answers the claims put forth at trial by Plaintiff Kimberly Curtis as to Defendants Hilton Worldwide Holdings, Inc., Hilton Garden Inn New York/Central Park, Hilton Garden Inns Management LLC, Moinian LLC, The Moinian Development Group LLC, and 237 West 54th St. LLC, (collectively hereinafter the "Hotel Defendants"), as well as the cross-claim brought by the Hotel Defendants for indemnification as to Defendant Pav-Lak Contracting Inc.

## JUDGMENT AS TO HOTEL DEFENDANTS

The unanimous Jury Verdict awarded the following sums to Plaintiff Kimberly Curtis:

| BREAKDOWN OF JURY VERDICT | |
|---|---|
| Past pain and suffering | $250,000 |
| Future pain and suffering | $1,000,000 |
| Future medical expenses | $830,262 |
| Future rehabilitation services | $45,410 |
| Punitive damages | $30,000,000 |

On November 1, 2024, this Court issued an Opinion & Order remitting the punitive damages award to $10,000,000 (ECF No. 301). On November 11, 2024, the Plaintiffs advised the Court that Plaintiffs accepted the Court's remittitur of the punitive damages award to $10,000,000.

New York law requires periodic payments of judgments arising from personal injury claims for future damage awards exceeding $250,000. *See* New York CPLR § 5041; New York CPLR Article 50-B. The present values to fund annuities for these future periodic payments required under New York law are outlined in the Affidavit of expert economist Kristin Kucsma, MA, and her accompanied Rule 50B Analysis (ECF No. 269-2).

Based on the verdict and Rule 50B Analysis, Ms. Kucsma was able to ascertain a pro rata allocation of Plaintiff's future damage awards payable as a lump sum up to $250,000 pursuant to CPLR § 5041(b), which are as follows:[1]

| ALLOCATION OF FUTURE DAMAGES NOT IN EXCESS OF $250,000 PAYABLE AS LUMP SUM Sec. 5041(b) | |
|---|---|
| Future pain and suffering | $133,286 |
| Future medical expenses | $110,662 |
| Future rehabilitation services | $6,052 |
| TOTAL | $250,000 |

---

[1] *See* Doc. 269-2 at p. 2, Table 2.

Moreover, the Rule 50B Analysis sets forth the present value for the annuity contracts that will pay Plaintiff's share of future damage awards over a schedule of periodic payments, as well as the respective allocable attorney's fees payable by lump sum pursuant to CPLR §§ 5041(c) and (e), which are as follows:[2]

| PRESENT VALUE OF PLAINTIFFS' SHARE OF FUTURE DAMAGES IN EXCESS OF $250,000 PAYABLE BY ANNUITY Sec. 5041(e) | |
|---|---|
| Future pain and suffering | $541,453 (payable over 10 years) |
| Future medical expenses | $423,315 (payable over 27.5 years) |
| Future rehabilitation services | $23,150 (payable over 27.5 years) |
| TOTAL | $987,918 |

| PRESENT VALUE OF ALLOCABLE ATTORNEY'S FEES FOR FUTURE DAMAGES IN EXCESS OF $250,000 PAYABLE BY LUMP SUM Sec. 5041(c) | |
|---|---|
| Future pain and suffering | $270,727 |
| Future medical expenses | $211,658 |
| Future rehabilitation services | $11,575 |
| TOTAL | $493,960 |

Therefore, considering the Jury Verdict, the law and arguments, and pursuant to the Affidavit and Rule 50B Analysis of expert economist Kristin Kucsma, MA:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Hotel Defendants shall be and are jointly and severally liable to Plaintiff Kimberly Curtis for the lump sum of $250,000 for past compensatory damages of pain and suffering,

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Hotel Defendants shall be and are jointly and severally liable to Plaintiff Kimberly Curtis for the lump sum of $250,000 for future compensatory damages of pain and suffering, medical expenses, and

---

[2] *See* **Doc. 269-2** at pp. 3-9 and Exhibits 1-3 attached therein.

rehabilitation services as provided for in Exhibit A-1 and pursuant to CPLR § 5041(b).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Hotel Defendants shall be and are jointly and severally liable to Plaintiff Kimberly Curtis for the lump sum of $493,960 for the present value of allocable attorney's fees for Plaintiff's future compensatory damages of pain and suffering, medical expenses, and rehabilitation services in excess of $250,000 as provided for in Doc. 269-2 and pursuant to CPLR § 5041(c).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Hotel Defendants shall be and are jointly and severally liable to Plaintiff Kimberly Curtis for the lump sum of $10,000,000 for punitive damages.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Hotel Defendants shall be and are jointly and severally liable to Plaintiff Kimberly Curtis for the remaining future compensatory damages, which shall be paid into an annuity that will provide periodic payments to the Plaintiff pursuant to New York law as follows:

- Future Pain and Suffering: $541,453 shall be paid into an annuity for Plaintiff's future pain and suffering that will provide monthly periodic installments over ten (10) years from the date of entry of this Judgment that will provide guaranteed payments that total at least $693,721;

- Future Medical Expenses:  $423,315 shall be paid into an annuity for Plaintiff's future medical expenses that will provide monthly periodic installments over twenty-seven and a half (27.5) years from the date of entry of this Judgment that will provide guaranteed payments that total at least $846,518; and

- Future Rehabilitation Services:  $23,150 shall be paid into an annuity for Plaintiff's future rehabilitation services that will provide monthly periodic installments over

twenty-seven and a half (27.5) years from the date of entry of this Judgment that will provide guaranteed payments that total at least $46,294.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to New York law, judicial interest in the amount of 9% per annum shall apply to the aforementioned sums for the period of time beginning May 6, 2024, through the entry of this Judgment. Further, pursuant to Federal law, judicial interest equal to 4.29 percent, which is the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding entry of this Judgment, shall apply to the aforementioned sums for the period of time beginning on the date of the entry of this Judgment until the time that this Judgment is satisfied in full.

### JUDGMENT AS TO THE HOTEL DEFENDANTS' CROSS CLAIMS AGAINST PAV-LAK CONTRACTING, INC.

Considering the Jury Verdict and the law,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Defendant Pav-Lak Contracting, Inc., is not liable for the claims of indemnification asserted and brought against it in this matter by the Hotel Defendants.

THUS DONE AND SIGNED in New York City, New York this 13th day of November, 2024.

_____
Edgardo Ramos
United States District Judge
Southern District of New York