# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

Direct Number: +1.212.326.3811
ahealey@jonesday.com

December 10, 2024

**Via ECF**
Hon. Edgardo Ramos
United States District Court for the Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**MEMO ENDORSED** at page 2

Re:  *Kimberly Curtis et al. v. Hilton Worldwide Holdings, Inc.* No. 1:18-cv-03068-ER (S.D.N.Y.): Hilton Worldwide Holdings, Inc and Hilton Garden Inns Management LLC's Letter-Motion To Extend Automatic Stay Pending Resolution of Their Motion Under Rule 62(b) (Dkt. 307)

Dear Judge Ramos:

I write, pursuant to the Court's Individual Practices 1.E, on behalf of Defendants Hilton Worldwide Holdings Inc. and Hilton Garden Inns Management LLC (collectively the "Hilton Defendants") to request a brief extension of the automatic stay of execution of judgment under Rule 62(a) in the above-captioned case so that the Court can consider Hilton's motion for a stay of execution under Rule 62(b) without a bond (Dkt. 307).

On November 13, 2024, the Court entered judgment in favor of Plaintiff Kimberly Curtis jointly and severally against the Hilton Defendants, Hilton Garden Inn New York/Central Park, Moinian LLC, Moinian Development Group, LLC, and 237 West 54th Street LLC in the present amount of $11,981,878. Last Friday, the Hilton Defendants informed Plaintiff of their intention to file a notice of appeal. Counsel for the Hilton Defendants conferred with Plaintiff's counsel yesterday to request that Plaintiff waive the Rule 62(b) bond requirement for the Hilton Defendants, or in the alternative, consent to an extension of the automatic stay until seven days after this Court's resolution of a motion for waiver of the bond requirement. Plaintiff did not consent to either request nor provide an explanation for the decision. The Hilton Defendants informed Plaintiff that they would file a motion as a result.

The Hilton Defendants filed their notice of appeal (see Dkt. 306) and motion for a stay of execution under Rule 62(b) earlier today (see Dkt. 307). The motion, however, will be effectively denied if it is not decided before the automatic stay's expiration on Friday, December 13.

The Hilton Defendants therefore respectfully request that the Court continue the stay of execution as to the judgment against them through the pendency of their motion under Rule

**JONES DAY**

Hon. Edgardo Ramos
December 10, 2024
Page 2

62(b). In the event the Court denies the motion, the Hilton Defendants request that the Court lift the stay seven (7) days after the denial to allow time for the appropriate bond process.

As more fully set forth in the motion at Dkt. 307, the Hilton Defendants' financial conditions adequately secure Plaintiff's judgment against them through the appeal and most certainly through the brief period required for the Court to consider and resolve their motion.

Denying this extension request, however, effectively denies the motion. Without the extension, the Hilton Defendants could be required to pay for and post a bond that is an entirely unnecessary cost.

This is the Hilton Defendants' first request for this extension.

Very truly yours,

/s/ Aaron M. Healey
Aaron M. Healey

---

The Court is in receipt of the Hilton Defendants' request to extend the Rule 62(a) stay of execution of judgment, Doc. 309, Curtis's opposition, Doc. 311, and the Hilton Defendants' reply, Doc. 315. The Court grants the request to continue the Rule 62(a) stay until the Hilton Defendants' Rule 62(b) motion is decided. The Court also grants the Hilton Defendants' request that, should the Court deny the Rule 62(b) motion, the stay be lifted seven days after denial.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: December 12, 2024
New York, New York